**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SCOTT PHILLIP LEWIS,

                      Plaintiff,

    v.                                               8:24-CV-13 (GTS/DJS)

ONONDAGA COUNTY, NY, *et al.*,

                      Defendants.

---

SCOTT PHILLIP LEWIS,

                      Plaintiff,

    v.                                               8:24-CV-27 (BKS/DJS)

ADIRONDACK MEDICAL CENTER,

                      Defendant.

---

SCOTT PHILLIP LEWIS,

                      Plaintiff,

    v.                                               8:24-CV-29 (TJM/DJS)

CITIZENS UNITED, INC.,

                      Defendant.

---

_____

SCOTT PHILLIP LEWIS,

       Plaintiff,

  v.                  8:24-CV-61
                         (BKS/DJS)

AFFILIATED ENTERPRISE SOLUTIONS, LLC, *et al.*,

       Defendants.

_____

SCOTT PHILLIP LEWIS,

       Plaintiff,

  v.                  8:24-CV-68
                         (BKS/DJS)

REDLINE HOCKEY, LLC, *et al.*,

       Defendants.

_____

SCOTT PHILLIP LEWIS,

       Plaintiff,

  v.                  8:24-CV-69
                         (AMN/DJS)

R.L. VALLEE, INC.,

       Defendant.

_____

**APPEARANCES:**            **OF COUNSEL:**

SCOTT PHILLIP LEWIS
Plaintiff *Pro Se*
Lake Placid, New York 12946

**DANIEL J. STEWART**
**United States Magistrate Judge**

## **ORDER**

On January 25, 2024, this Court issued an Order in each of these cases denying Plaintiff's request that the Clerk of the Court issue summonses despite the fact that Plaintiff's applications to proceed *in forma pauperis* ("IFP") had not yet been granted and no review of the Complaints had yet been done as required by 28 U.S.C. § 1915. *See, e.g.*, 8:24-CV-13, Dkt. No. 7. Plaintiff now seeks reconsideration of those Orders. *See, e.g.*, 8:24-CV-13, Dkt. Nos. 8, Motion & 8-1, Pl.'s Mem. of Law. The Motions for Reconsideration are denied.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court 'overlooked' and that might 'reasonably be expected to alter the conclusion reached by the court.'" *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff sets forth several grounds for reconsideration, none of which meet the strict standard required for granting the Motion.

Plaintiff first takes exception to the authorities the Court relied upon in denying the request to issue summonses. Motion at p. 3. He objects that the Court "did not offer any case law or Federal statutes that are binding on this Court." *Id.* The Court, however, did rely on a binding federal statute in citing 28 U.S.C. § 1915. Order at p. 3. Moreover, that Plaintiff disagrees with the cases cited by the Court is not a basis for reconsideration. *Schottenstein v. Schottenstein*, 2005 WL 912017, at *2 (S.D.N.Y. Apr. 18, 2005). Issuance of summonses as requested by Plaintiff is clearly contrary to L.R. 5.1.4 which provides: "*Prior to the Marshal serving process* pursuant to 28 U.S.C. § 1915(d) and L.R. 5.1(e), the Court shall review all actions filed pursuant to 28 U.S.C. § 1915(g) to determine whether sua sponte dismissal is appropriate." (emphasis added). This Court's prior Order merely cited additional persuasive authorities to explain the conclusion. That is clearly not a basis for reconsideration.

Plaintiff also appears to argue that the Order is unjust because it prejudices his right to proceed with the case. Motion at pp. 3-4. Plaintiff's argument appears to be that he is prejudiced by the delay in issuing summonses pending review of his *in forma pauperis* application and that no harm would come from issuing summonses now since the cases could be dismissed later if the applications were later denied. *Id.* at p. 4. What this argument overlooks is that together with consideration of the application for *in forma*

*pauperis* status, the Court must review Plaintiff's Complaints under 28 U.S.C. § 1915. Until that review is complete service upon one or more Defendants is clearly premature. *See Morse v. United States Postal Serv.*, 2018 WL 3575654, at *5 (W.D.N.Y. July 25, 2018) (discussing the process for review of cases under 28 U.S.C. § 1915).

Finally, Plaintiff objects that this Court's citation to *Arroyo v. Georgia*, 2023 WL 4539770, at *4 (N.D. Ga. May 30, 2023) "contains a quote that is not properly cited or does not exist." Pl.'s Mem. of Law at p. 5. As evidence, Plaintiff provides a slip opinion from a case captioned *Arroyo v. Colbert* which does not include the above quotation. Motion at Ex. B. The confusion is easily explained. As noted in the citation, the Court quoted from a decision issued May 30, 2023. The opinion provided by Plaintiff was March 28, 2018. *Id.*[1] The quote to which Plaintiff objects does, in fact, appear in the case cited by the Court, a copy of which is annexed to this Order.

For these reasons the Motions for Reconsideration are **DENIED**.

The Clerk of the Court is directed to serve a copy of this Order upon the Plaintiff.

Dated: February 20, 2024
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] Nor are the two decisions even from the same case. The case cited by the Court was filed in 2022, as evidenced by the case number 22-CV-1689. The case provided by Plaintiff bears the case number 18-CV-848.