UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT PHILLIP LEWIS,

                      Plaintiff,

    - v -                                              8:24-CV-13
                                                          (GTS/DJS)

ONONDAGA COUNTY, NY, *et al.*,

                      Defendants.
_____

**APPEARANCES:**                                          **OF COUNSEL:**

SCOTT PHILLIP LEWIS
Plaintiff, *Pro Se*
Lake Placid, New York 12946

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

      The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. The Complaint asserts claims under 42 U.S.C. § 1983 for violations of the Fourth and Sixth Amendments. Compl. at ¶¶ 23-43.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with his action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff alleges that in December 2021 he was involved in a traffic stop resulting in his arrest for aggravated unlicensed operation of a vehicle in the third degree. Compl. at ¶¶ 6-7, 11. Plaintiff alleges that he was arrested without probable cause, subject to unreasonable search and seizure, and denied his right to a speedy trial. Compl. at ¶¶ 24-27, 33, 41.

3

### C. Analysis of the Complaint

The Court recommends that Plaintiff's claims be dismissed, with leave to amend. In his Complaint, Plaintiff brings three § 1983 claims for violations of the Fourth and Sixth Amendments. Compl. at ¶¶ 23-43. Each claim is brought under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). Compl. at ¶¶ 19-22. It is well-settled that § 1983 claims may be brought against "municipalities and other local government units." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. at 690. However, as Plaintiff concedes, § 1983 liability under *Monell* is permitted only where a plaintiff successfully alleges that a constitutional deprivation was caused by municipal policy or custom. *Id.* at 691; *See also Village of Freeport v. Barrella*, 814 F.3d 594, 616 (2d Cir. 2016); Compl. at ¶ 22.

Here, Plaintiff "fail[ed] to clearly identify or demonstrate an unconstitutional policy that would support a claim of municipal liability [or] offer any evidence of a purported policy, practice, or custom" sufficient to state a *Monell* claim. *Fergerson v. Dep't of Educ. of City of N.Y.*, 2011 WL 308269, at *3 (S.D.N.Y. Jan. 31, 2011). Nowhere in his Complaint does Plaintiff allege any policy or custom that caused the alleged constitutional violations. *See generally* Compl. Instead, Plaintiff sets forth threadbare allegations that Defendants (i) lacked probable cause to arrest him and search/seize his vehicle and (ii) denied him a speedy trial. Compl. at ¶¶ 23-43. Without allegations that Defendants' actions were part of a larger policy or custom, Plaintiff's

Complaint is insufficient. On this basis, Plaintiff's claims should be dismissed. *See, e.g.*, *Cotto v. City of New York*, 803 F. App'x 500, 504 (2d Cir. 2020) ("[Plaintiff's] allegations do not support a *Monell* claim because they focus on the individual officers and isolated events leading to [the plaintiff's] stop, detention, and prosecution without plausibly alleging a custom or policy pursuant to which those violations occurred.").

### D. Leave to Amend

"[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The deficiencies identified above could potentially be rectified by more detailed pleading and so the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

### II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 21, 2024
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).